NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM FITZPATRICK,<br>Plaintiff,<br>v.<br>BERGEN COUNTY PROBATION DEPARTMENT, et al.,<br>Defendants. | CIVIL ACTION NO. 05-1520 (JLL)<br><br>**OPINION** |

**APPEARANCES:**

WILLIAM FITZPATRICK, 93934b/469120, Plaintiff Pro Se
Bayside State Prison Farm Minimum Unit
P.O. Box F-2
Leesburg, New Jersey 08327

**LINARES, DISTRICT JUDGE**

Plaintiff William Fitzpatrick ("Fitzpatrick"), confined at Bayside State Prison in Leesburg, New Jersey ("BSP"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). The Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of fees. See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, the Court will permit Plaintiff's equal protection claim to proceed and dismiss Plaintiff's due process claim for failure to state a claim upon

which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] seeking damages and injunctive relief for alleged violations of his rights secured by the Constitution and laws of the United States. Defendants are the Bergen County Probation Department; Jorge Melendez, a probation officer, and Roy Friedman, probation supervisor. (Compl., Caption and ¶ 5.)

Plaintiff asserts the following facts: Since August, 2003, up to the present time, Defendants have been arbitrarily discriminating against him in refusing to permit him to participate in an in-patient out-of-state (New York) alchohol rehabilitation program, despite the fact that Defendants were permitting approximately fifteen other New Jersey probationers to participate. (Compl., ¶ 5.) Plaintiff adds that he "relapsed"

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

after being ordered removed from the program in violation of his rights. (Id., ¶ 7.) Plaintiff raises Fourteenth Amendment due process and equal protection claims.

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 19159(e)(2)(B).

### A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)). The Court "must

determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The Court will construe the Complaint as raising a claim of denial of Plaintiff's rights to due process and equal protection of the laws, caused by the Defendants in allegedly denying him access to an out-of state rehabilitation program.

Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v.

Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir.1990).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). See also Nami, 82 F.3d at 67 (allegations that prison officials and Commissioner of Corrections were on actual notice of violations through letters written to them by inmates and failed to remedy the situation were sufficient to state a claim under 42 U.S.C. § 1983); White v. Fauver, 19 F.Supp.2d 305, 319 (D.N.J. 1998) (complaint stated claim alleging that Commissioner was given

notice of violations and failed to respond). The Court will now analyze Plaintiff's claim to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) is warranted.

B. Claims Asserted

Regarding his due process claim, Plaintiff has no federal constitutional right to drug or alcohol rehabilitation treatment. See Purkey v. Simmons, 29 Fed. Appx. 546, 547 (10th Cir. 2002). No duty exists to a parolee to "to prevent him or her from committing further crimes and being sent back to prison." Id. The Court will, therefore, dismiss his due process claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1; Vacco v. Quill, 521 U.S. 793, 799 (1997). The Equal Protection Clause does not command that all persons be treated alike; rather, it "[directs] that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must "allege and prove that [he] received different treatment from other similarly situated individuals or groups." Johnson v. Horn, 150 F.3d 276, 284 (3d Cir. 1998), overruled on other

grounds by DeHart v. Horn, 227 F.3d 47 (3d Cir. 2000). Moreover, unlike the Due Process Clause, the Equal Protection Clause does not require that the governmental action work a deprivation of a constitutionally protected property or liberty interest. John Corp. v. City of Houston, 214 F.3d 573, 577 n.2 (5th Cir. 2000); see also Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir.1988)(no deprivation of a constitutionally protected interest such as liberty or property is required for a violation of the Equal Protection Clause).

The level of scrutiny applicable to ensure that particular classifications comply with the guarantee of equal protection differs depending on the nature of the classification. Artway v. Attorney General of State of New Jersey, 81 F.3d 1235, 1267-68)(3d Cir. 1996). Classifications involving suspect or quasi-suspect classes, or impacting fundamental constitutional rights, are subject to heightened scrutiny. Id. Other classifications, however, need only be rationally related to a legitimate government goal. Id. (citing Chapman v. United States, 500 U.S. 453, 465 (1991) (applying rational basis test to classification based on nature of offense)).

Parolees simply do not constitute a suspect or quasi-suspect class, requiring heightened scrutiny for the purpose of equal protection analysis. See City of Cleburne, 473 U.S. at 439 (listing classes receiving heightened scrutiny as race, alienage,

national origin, and sex). Fitzpatrick's situation also does not implicate a fundamental constitutional right for which the Supreme Court has granted heightened equal protection scrutiny. E.g Quinn v. Cunningham, 879 F.Supp. 25 (E.D. Pa. 1995), aff'd 85 F.3d 612 (1996) (racial discrimination in prison job assignments is prohibited under the Equal Protection Clause, but the right to a job is not so prohibited). Thus, Fitzpatrick's exclusion from the program does not violate the Equal Protection Clause if he is not similarly situated to offenders allowed to stay in the program or, if he is similarly situated, there is a rational basis for his removal.

Applying these principles to the instant case, Plaintiff appears to have set forth facts sufficient to raise the issues of whether he is similarly situated to others in the program and whether, if similarly situated, the failure to remove him has no rational basis. See Page v. Wylie, 3 Fed. Appx. 638 (9th Cir. 2001)(parolee stated equal protection claim based upon different treatment from similarly situated persons). The Court will permit Plaintiff's equal protection claim to proceed at this time.

III. CONCLUSION

Based on the foregoing discussion, the Court will grant in forma pauperis status to Plaintiff and dismiss Plaintiff's due process claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court will permit Plaintiff's equal protection claim to proceed.

An appropriate Order accompanies this Opinion.

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

Dated: 5/3/05